1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  JEROME L. GRIMES, | Case No. 25-cv-1979-BAS-MSB |
| 12                                          Plaintiff, | **ORDER:** |
| 13        v. | |
| 14  ARGUETTA, *et al.*, | **(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) (ECF No. 2); AND** |
| 15 | |
| 16                                          Defendants. | |
| 17 | **(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |

23    **I.      INTRODUCTION**

24          Plaintiff Jerome L. Grimes, a detainee at Larry D. Smith Correctional Facility in

25    Riverside County, has filed a pro se Complaint and a Motion to Proceed *In Forma Pauperis*

26    ("IFP").  (ECF Nos. 1, 2.)  In his Complaint, Plaintiff alleges acts of retaliation, fraud, and

27    "abuse of authority" by Defendants.  (*See* ECF No. 1.)  For the reasons discussed below,

28    the Court denies Plaintiff's IFP motion and dismisses the case without prejudice.

## II.    IFP MOTION

### A.    <u>Standard of Review</u>

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Grimes, however, "face an additional hurdle." *Id.*

In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (stating that under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether

the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1051–52 (quoting 28 U.S.C. § 1915(g)). "[T]he PLRA [also] requires a nexus between [any] alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Ray v. Lara*, 31 F.4th 692, 700 (9th Cir. 2022). Thus, to qualify for an exception, "a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Id.* at 701.

**B.    Discussion**

Grimes's allegations are far from clear, but as best the Court can decipher, he seeks to hold a Shell gas station and its employees liable for assault and "defamation." (*See* ECF No. 1 at 8–11.) However, Grimes does not include any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

Courts "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Therefore, the Court takes judicial notice of federal docket proceedings available on PACER and finds that Plaintiff Jerome L. Grimes, currently identified as Douglas County Jail Inmate #202528807, has filed over 600 civil actions in multiple federal district courts across the

country dating back to 1986.[1]

These dockets show Grimes has been in and out of state and local custody over the course of more than three decades, and due to his vexatiousness, has been denied leave to proceed IFP while incarcerated pursuant to 28 U.S.C. § 1915(g) in the Northern District of California, Western District of Louisiana, Eastern District of Kentucky, Middle and Northern Districts of Florida, the District of Maryland, and this District.  *See, e.g.*, *Grimes v. Wan, et al.*, Civil Case No. 07-cv-1726-CW (PR), 2007 WL 1988530, at *1 (N.D. Cal. July 3, 2007) ("On May 18, 2000, this Court informed Plaintiff that while he is a prisoner, he generally is ineligible to proceed [IFP] in federal court under the 'three-strikes' provisions of 28 U.S.C. § 1915(g).") (citing *Grimes v. Oakland Police Dept.*, C 00-1100 CW (Order Dismissing Complaint, 5/18/00)); *Grimes v. Roman, et al.*, Civil Case No. 17-cv-03288-JSW (N.D. Cal. July 19, 2017) (ECF No. 4) (noting that "[i]n 2003 alone, [Grimes's] failure to comply [with court orders granting leave to pay the full filing fee and to state cognizable claims for relief] resulted in the dismissal of approximately thirty-six actions under § 1915(g).") ; *Grimes v. Lewis, et al.*, Civil Case No. 5:12-cv-03159-EEF-MLH (W.D. La. March 13, 2013) (ECF No. 16 at 1) ("Court records show that [Grimes] has filed more tha[n] 350 complaints and appeals. Three or more of them have been dismissed as frivolous."); *Grimes v. Medlock*, *et al.*, Civil Case No. 6:15-cv-00140-DCR (E.D. Ky. Sept. 16, 2015) ("[T]he federal judiciary's on-line database indicates that 'Jerome L. Grimes' has filed almost 500 civil rights suits in the federal court system, mostly in California.") (ECF No. 8 at 3); *Grimes v. Kelly*, Civil Case No. 6:15-cv-02073-PGB-DAB (M.D. Fla. Dec. 16, 2015) (ECF No. 5 at 2) ("A review of PACER confirms that [Grimes] has filed hundreds of actions in several district courts in the United States and has had three or more cases dismissed for failure to state a claim or as frivolous."); *Grimes v. Files, et al.*, Civil Case No. 3:17-cv-00464-RV-CJK (N.D. Fla. April 12, 2018) (adopting

---

[1] *See* https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=ae66c80e47444979 8769281006232978 (last visited August 4, 2025).

Report & Recommendation denying IFP and dismissing civil action under 28 U.S.C. § 1915(g)) (ECF No. 10); *Grimes v. Engram, et al.*, Civil Case No. 8:17-cv-01480-PX (D. Md. June 5, 2017) (denying IFP pursuant to 28 U.S.C. § 1915(g), noting Grimes's eight pending citations related to traffic violations in Montgomery County, Maryland in 2016, and his filing of "hundreds of cases in the federal courts.") (ECF No. 6 at 2); *Grimes v. Enter. Rent-a-Car Co. of Los Angeles, LLC*, No. 22-cv-00657-RSH-KSC, 2022 WL 3109570, at *3 (S.D. Cal. Aug. 4, 2022) (denying IFP pursuant to § 1915(g), dismissing case and noting Grimes had previously filed more than 600 civil actions in federal courts).

While Grimes's litigation history shows he has not been precluded or dissuaded from filing hundreds of federal civil actions since he was first notified of his inability to further proceed *in forma pauperis* while incarcerated absent any plausible claims of imminent danger, "[t]he point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits." *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 602–03 (2020). Thus, the Court finds that Plaintiff Jerome L. Grimes, while incarcerated, has had far more than three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

Some specific examples of "strikes" filed and dismissed while Grimes was in custody of the California Medical Facility in Vacaville, California, and the Orange County Corrections Department in Orlando, Florida are:

(1)    *Grimes v. Cal. Dept. of Corrections, et al.*, Civil Case No. 2:00-cv-00668-WBS-JFM (E.D. Cal. May 2, 2000) (Order granting IFP and dismissing complaint *sua sponte* with leave to amend for "fail[ing] to state a cognizable claim for relief" pursuant to 28 U.S.C. § 1915A(b)) (ECF No. 5); *id.*, (E.D. Cal. June 22, 2000) (Findings and Recommendations ["F&Rs"] to dismiss civil action for failure to amend) (ECF No. 7); *id.*, (E.D. Cal. Aug. 8, 2000 Order adopting F&Rs and dismissing action) (ECF No. 9);[2]

---

[2] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave

(2)    *Grimes v. CDC-CMF/Dept. of Mental Health, et al.*, Civil Case No. 2:00-cv-00781-DFL-DAD (E.D. Cal. Apr. 24, 2000) (F&R granting IFP and to dismiss complaint sua sponte pursuant to 28 U.S.C. § 1915A as frivolous and for failing to state a claim) (ECF No. 4); *id.* (E.D. Cal. June 22, 2000) (F&Rs to dismiss civil action for failure to amend) (ECF No. 6); *id.* (E.D. Cal. Aug. 17, 2000) (Order adopting F&Rs and dismissing action) (ECF No. 7);

(3)    *Grimes v. Kelly*, Civil Case No. 6:15-cv-01955-RBD-GJK (M.D. Fla. Nov. 30, 2015) (Order denying IFP and dismissing complaint requesting Defendant police officer be subject to random drug and lie detector tests and to be "prosecuted paramilitarily" "for fail[ing] to provide a . . . claim for relief.") (ECF No. 3);

(4)    *Grimes v. Williams, et al.*, Civil Case No. 1:15-cv-03848-JKB (D. Md. Dec. 23, 2015) (Memorandum and Order granting IFP and dismissing complaint for failing to state a claim for relief) (ECF Nos. 3, 4); and

(5)    *Grimes v. Tate, et al.*, Civil Case No. 1:15-cv-03849-JKB (D. Md. Dec. 23, 2015) (Memorandum and Order granting IFP and dismissing complaint for failing to state a claim for relief) (ECF Nos. 3, 4).

Accordingly, because Grimes has, while incarcerated, accumulated far more than the three "strikes" permitted by 28 U.S.C. § 1915(g), and he fails to make any "plausible allegations" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231

---

to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

(9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## III.   CONCLUSION AND ORDER

For the reasons discussed above, the Court **DENIES** Grimes's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g); **DISMISSES** this civil action without prejudice based on Grimes's failure to pay the full statutory and administrative $405 civil filing fee[3] required by 28 U.S.C. § 1914(a); **CERTIFIES** that an IFP appeal from this Order would be frivolous and not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and **DIRECTS** the Clerk of the Court to close the case.

**IT IS SO ORDERED**.

DATED: August 28, 2025

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

---

[3] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule § 14 (eff. Dec. 1, 2023)).  The additional $55 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

25cv1979